<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GARY S. HARRIS, | : | **Hon. Faith S. Hochberg** |
| Petitioner, | : | Civil No. 04-2125 (FSH) |
| v. | : |  |
| ROY L. HENDRICKS, et al., | : | <u>O P I N I O N</u> |
| Respondents. | : |  |

**APPEARANCES:**

> GARY S. HARRIS, #469212B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner <u>pro se</u>
>
> SIMON LOUIS ROSENBACH, Assistant Prosecutor
> MIDDLESEX COUNTY PROSECUTOR
> 25 Kirkpatrick Street, 3rd Floor
> New Brunswick, New Jersey  08903
> Attorneys for Respondents

<u>HOCHBERG</u>, District Judge

Gary S. Harris filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey.  Respondents filed an Answer, arguing that the Petition should be dismissed as untimely, unexhausted, and on the merits.  Petitioner filed a Traverse.  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely, and declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on July 8, 1996, in the Superior Court of New Jersey, Law Division, Middlesex County, after a jury convicted him of kidnaping a 15-year old girl, kidnaping the girl's mother, aggravated sexual assault, sexual assault, terroristic threats, and endangering the welfare of a child. The Law Division sentenced Petitioner to a 25-year term of imprisonment, with 25 years of parole ineligibility, for the kidnaping of the 15-year old during which he committed an aggravated sexual assault, a consecutive 10-year term of imprisonment for kidnaping the mother, and concurrent 10-year terms for the terroristic threat convictions. Petitioner appealed, and in an opinion filed on January 5, 1998, the Appellate Division of the Superior Court of New Jersey affirmed. State v. Harris, No. A-7683-95T4 (App. Div. Jan. 5, 1998). On June 4, 1998, the Supreme Court of New Jersey denied certification.

On March 3, 1999, Petitioner executed a pro se petition for post conviction relief and affidavit of service, and presumably handed the documents to prison officials for mailing to the Law Division. The Petition is date-stamped March 17, 1999, by the clerk. The Law Division denied relief by order entered June 6, 2000. Petitioner appealed, and in an opinion filed October 29, 2002, the Appellate Division affirmed the order denying post conviction relief. State v. Harris, No. A-6184-99T4 slip op. (App. Div. Oct. 29, 2002). On April 28, 2003, the Supreme Court of New Jersey denied certification. State v. Harris, 176 N.J. 279 (2003) (table).

Petitioner handed the Petition which is now before the Court to prison officials for mailing on April 23, 2004. The Clerk received it on May 5, 2004. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive

Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition presents three grounds:

> Ground One:  PETITIONER WAS CONSTRUCTIVELY DENIED COUNSEL DUE TO A CONFLICT OF INTERESTS OF TRIAL COUNSEL.  U.S. CONST. AMENDS. VI AND XIV.
>
> Ground Two:  PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL BY THE FAILURE OF APPELLATE COUNSEL TO RAISE THE CONFLICT OF INTEREST CLAIM.  CONST. AMENDS. VI, XIV.
>
> Ground Three:  PETITIONER WAS DEPRIVED OF A FAIR TRIAL DUE TO ACTS OF PROSECUTORIAL MISCONDUCT.  CONST. AMEND. XIV.

(Pet. ¶¶ 12.A. -12.C.)

The State filed an Answer, arguing that the Petition is untimely, unexhausted, and that the grounds raised do not warrant habeas relief.  Petitioner filed a Traverse.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "'*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the

prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed June 4, 1998.  The statute of limitations therefore began to run on September 2, 1998, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The limitations period ran for 181 days, and was statutorily tolled on March 3, 1999, when Petitioner handed his

5

post conviction relief petition to prison officials for mailing to the Law Division.[1] The statute of limitations picked up again on April 29, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review. The statute of limitations ran for the final 184 days until it expired on October 30, 2003. Because Petitioner did not hand his § 2254 Petition to prison officials for mailing until April 23, 2004, the Petition is untimely unless Petitioner is entitled to equitable tolling. See Merritt, 326 F.3d at 161; Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner does not argue that the limitations period should be equitably tolled. He argues that, because New Jersey court rules require a petition for post conviction relief to be filed within five years after rendition of the judgment unless it alleges facts showing that the delay beyond said time was due to excusable neglect, and because he "properly filed" his post conviction relief petition within this five-year period, the one-year under § 2244(d)(1)(A) did not begin until April 29, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review. This argument is contrary to the plain language of § 2244(d)(1) and (d)(2), and is therefore without merit. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period. Under

---

[1] Petitioner contends that he filed his petition for post conviction relief on January 17, 1999, but he provides no documentation to support this date. The appendix he filed in the Appellate Division contains a copy of his pro se petition and his affidavit dated March 3, 1999, indicating that he mailed the petition for post conviction relief to the Clerk of the Middlesex County Superior Court for filing. Under these circumstances, the only evidence in the record relevant to the date on which Petitioner handed his petition to prison officials for mailing shows the date to be March 3, 1999. Nevertheless, even if this Court were to use January 17, 1999, as the filing date, the § 2254 Petition would still be untimely. In that case, the limitations period expired on December 15, 2003, but Petitioner did not hand his § 2254 Petition to prison officials for mailing until April 23, 2004.

these circumstances, the statute of limitations expired on October 30, 2003.  Because Petitioner filed his § 2254 Petition on April 23, 2004, and because he was not entitled to equitable tolling, his Petition is barred by the statute of limitations.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.

       /s/ Faith S. Hochberg
       FAITH S. HOCHBERG, U.S.D.J.

DATED:   November 29, 2005